CALEB T. HUBBARD, RESPONDENT, v. ATLANTIC COAST ELECTRIC RAILWAY COMPANY, APPELLANT.

Submitted July 9, 1917—Decided November 19, 1917.

The plaintiff, before crossing the track of a street trolley railway, looked first to the south and then to the north and continued looking to the north, until a car coming from the south came into the range of observation, but he did not look again to the south, before attempting to cross; he was struck and injured by a car moving from five to eight miles an hour, coming from the south— *Held*, a court question and not a jury question was presented; *held, further*, that the plaintiff was guilty of contributory negligence, that it was error for the trial court not to have granted a motion to nonsuit the plaintiff or direct a verdict for the defendant.

On appeal from the Supreme Court.

For the appellant, *Durand, Ivins & Carton.*

For the respondent, *Stewart A. Farrell* and *Leon W. Taylor.*

The opinion of the court was delivered by

BLACK, J.   The suit in this case was brought to recover damages for personal injury. The case was tried at the Monmouth Circuit, resulting in a verdict for the plaintiff. The only grounds of appeal that require any discussion are the alleged errors of the trial court in denying the defendant's

motion to nonsuit the plaintiff and to direct a verdict in favor of the defendant, on the ground of contributory negligence of the plaintiff. These motions were predicated on the following facts: On the 25th day of March, 1916, at about one o'clock in the afternoon, on a clear day, the plaintiff, while crossing Main street directly north of the Shark river bridge, in the borough of Avon, in Monmouth county, was struck by a north-bound trolley car and injured, as he stepped upon the track of the defendant company. The trolley car was moving at a rate of from five to eight miles an hour. The plaintiff was familiar with the location of the streets, the Shark river bridge and the line of the trolley tracks; he had lived in that vicinity about two years and a half—and in the neighborhood for the last twenty-two or twenty-three years. The pertinent part of plaintiff's testimony, as to his observation on crossing the railway track, is as follows:

"*Q.* And I understood you to say you were only about five feet from the track and you looked south?

"*A.* Yes, sir.

"*Q.* Did you see any car coming?

"*A.* No, sir.

"*Q.* Just describe how you looked when you were within five feet of the track.

"*A.* Well, I looked south; I didn't see any car; I just turned and looked north and I saw a car approaching the switch, and I kept my eye on that car.

"*Q.* Until it stopped?

"*A.* Until it stopped, and then I proceeded across the track.

"*Q.* Then you went across the track?

"*A.* Yes, sir."

How long the plaintiff continued to look north, after looking south, before he proceeded to cross the track does not appear, but it must have been some little time. It was long enough for him, watching the approaching car from the north, and unable to decide from its speed whether it would stop or not, to see it reduce its speed and come to a stop, at the switch, and long enough for a car approaching from the south to have come within his range of observation if he had looked

in that direction. The track was comparatively straight at that point for a considerable distance, and certainly a sufficient period elapsed to have required another observation to the south before attempting to cross the track. This duty he failed to perform. We think his conduct was not that of a reasonably prudent man concerned for his personal safety, and this is the measure of his duty. He must use his powers of observation before crossing a trolley track, which is a place of danger. There being no disputed fact, and giving to the plaintiff's testimony the most favorable conclusion that may be drawn from the facts, we think a court question and not a jury question was presented, that the plaintiff was clearly guilty of contributory negligence. It was, therefore, error for the trial court to refuse the defendant's motions. The observation required before crossing the tracks of a street railway has been under discussion in many cases, in this court and in the Supreme Court, of which the following are illustrative: *North Hudson County Railway Co.* v. *Flanagan,* 57 *N. J. L.* 696; *Jewett* v. *Paterson Railway Co.,* 62 *Id.* 424; *Gilliland* v. *Middlesex, &c., Traction Co.,* 67 *Id.* 542; *Harbison* v. *Camden, &c., Railroad Co.,* 74 *Id.* 252.

The judgment is reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, JJ. 13.