## CALEB T. HUBBARD, RESPONDENT, v. ATLANTIC COAST ELECTRIC RAILWAY COMPANY, APPELLANT.

Submitted July 8, 1918—Decided November 18, 1918.

A trolley track is a place of danger. A pedestrian about to cross a trolley track must use his powers of observation before crossing. Upon failure to perform this duty resulting in personal injury, the pedestrian is guilty of contributory negligence.

On appeal from the Supreme Court.

For the appellant, *Stewart Farrell* and *Leon R. Taylor*.

For the respondent, *Durand, Ivins & Carton*.

The opinion of the court was delivered by

BLACK, J. This is the second trial of this case. The result of the first trial is reported in 91 *N. J. L.* 299; 102 *Atl. Rep.* 632. The plaintiff had a verdict at each trial. The suit was brought to recover damages for personal injuries caused while the plaintiff was crossing the tracks of the defendant company on foot. This was on March 25th, 1916, at Main street, directly north of the Shark river bridge, in the borough of Avon, Monmouth county. The pertinent facts are quite fully set out in the opinion of this court as reported in the former trial. It is now insisted that the facts present a substantially different case than was considered by this court on the first trial. The appellant, however, urges that is not so. The two cases, as made by the plaintiff, are substantially the same. It was error for the trial court not to grant the defendant's motion to nonsuit or direct a verdict in its favor on the ground of the plaintiff's contributory negligence. The case turns upon the observation made by the plaintiff south before going on the tracks. The testimony relied upon by the plaintiff to differentiate this case from the former one is as follows, viz.: "I looked north—I saw

this car * * * and then I looked south, and as I looked south I looked back again; when I was within four or five feet of the tracks. I saw this car. I looked south and didn't see any car coming when I was about three or four feet from the track. I stopped and looked south; I did not make any further look, didn't think it was necessary; did not look within two feet of the track." The plaintiff had an unobstructed view down the track in the direction from which the car that struck him came, for over eight hundred feet.

We think there is no substantial difference made by the plaintiff's case at each of these trials. The plaintiff was guilty of contributory negligence. His conduct was not that of a reasonably prudent man concerned for his personal safety. He must use his powers of observation before crossing a trolley track, which is a place of danger. This is the measure of his duty, so declared by this court in several cases.

The case is clearly distinguished from such cases as *Kraut* v. *Public Service Ry. Co.,* 82 *N. J. L.* 437, relied upon by the plaintiff, and *Consolidated Traction Co.* v. *Glynn,* 59 *Id.* 432. A person struck and injured by a locomotive while crossing the tracks of a steam railroad on foot is guilty of contributory negligence when there was an unobstructed view. *James* v. *Delaware, &c., R. R. Co., ante p.* 149. It was error for the trial court not to grant the defendant's motions. The judgment of the trial court is reversed and a *venire de novo* awarded.

*For affirmance*—MINTURN, KALISCH, TAYLOR, JJ.    3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.    11.